UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH RICHARD BERTELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:16CV00330 AGF |
| | ) | |
| v. | ) | |
| | ) | |
| CHANNEL BIO, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This removed action is before the Court on the motion (Doc. No. 17) of Defendant Channel Bio, LLC, and the remaining two related Defendants (jointly referred to herein as "Channel Bio") to dismiss Plaintiff Ralph Richard Bertelsen's complaint for failure to state a claim. Plaintiff asserts two claims against Channel Bio: (1) breach of an oral contract to compensate Plaintiff for the failure of a crop grown from seed he purchased from Channel Bio, and (2) breach of an implied warranty for fitness due to the failure of the seed to perform. For the reasons set forth below, Channel Bio's motion will be denied with respect to Plaintiff's first claim, and granted with respect to Plaintiff's second claim.

## BACKGROUND

This case has a complex procedural history. On September 5, 2012, Plaintiff, an Illinois resident, filed a pro se complaint in the United States District Court for the Central District of Illinois against Monsanto Corporation ("Monsanto"), Channel Bio (a wholly-owned subsidiary of Monsanto), and four individuals, including Chris Bertelsen, a district

sales manager with Channel Bio.[1]  Plaintiff alleged that in December 2010 he purchased "Roundup Ready" seed from Chris Bertelsen, which Plaintiff planted on farm land in Illinois, and which did not perform as expected, resulting in a crop yield loss of approximately $310,000.   Roundup Ready seed is seed containing biotechnology patented by Monsanto.  Crops grown with this seed are resistant to Roundup brand and similar herbicides.  Monsanto sells, and allows other companies to sell, its patented seeds to growers who agree to a licensing agreement with Monsanto, the Monsanto Technology/Stewardship Agreement ("MTSA").

Plaintiff alleged in his pro se complaint that when he informed Chris Bertelsen of the problem, Chris Bertelsen assured him he would be compensated for his loss, but then Plaintiff never was.   Plaintiff voluntarily dismissed without prejudice the individual defendants, and the court dismissed without prejudice Channel Bio after Plaintiff did not establish its citizenship for diversity purposes.  Monsanto, the only remaining defendant, then moved to transfer the case to the Eastern District of Missouri, based on the forum selection clause in the 2003 MTSA signed by Plaintiff when he purchased the seed.

Pursuant to the MTSA (Doc. No. 4-3), attached to Monsanto's motion to transfer, Monsanto granted Plaintiff a limited license to use the Roundup Ready seed.  The 2-sided single-page MTSA contained a forum selection clause providing that any disputes connected to the agreement would be subject to the jurisdiction of the United States District Court for the Eastern District of Missouri.  A choice-of-law provision stated that Missouri

---

[1]  The record does not indicate whether Plaintiff and Chris Bertelsen are related.

law would govern claims connected to the MTSA. The MTSA also included a limited warranty and disclaimer of warranties provision, as follows:

> **LIMITED WARRANTY AND DISCLAIMER OF WARRANTIES:** Monsanto warrants that the Monsanto Technologies licensed hereunder will perform as set forth in the TUG [Technology User Guide] when used in accordance with directions. This warranty applies only to Monsanto Technologies contained in planting Seed that has been purchased from Monsanto and seed companies licensed by Monsanto or the seed company's authorized dealers or distributors. <u>EXCEPT FOR THE EXPRESS WARRANTIES IN THE LIMITED WARRANTY SET FORTH ABOVE, MONSANTO MAKES NO OTHER WARRANTIES OF ANY KIND, AND DISCLAIMS ALL OTHER WARRANTIES, WHETHER ORAL OR WRITTEN, EXPRESS OR IMPLIED INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.</u>

*Id*. at 2.

This provision was immediately followed by an Exclusive Limited Remedy provision:

> **EXCLUSIVE LIMITED REMEDY**:
> THE EXCLUSIVE REMEDY OF THE GROWER AND THE LIMIT OF THE LIABILITY OF MONSANTO OR ANY SELLER FOR ANY AND ALL LOSSES, INJURY OR DAMAGES RESULTING FROM THE USE OR HANDLING OF SEED CONTAINING MONSANTO TECHNOLOGY (INCLUDING CLAIMS BASED IN CONTRACT, NEGLIGENCE, PRODUCT LIABILITY, STRICT LIABILITY, TORT, OR OTHERWISE) SHALL BE THE PRICE PAID BY THE GROWER FOR THE QUANTITY OF THE SEED INVOLVED OR, AT THE ELECTION OF MONSANTO OR THE SEED SELLER, THE REPLACEMENT OF THE SEED. IN NO EVENT SHALL MONSANTO OR ANY SELLER BE LIABLE FOR ANY INCIDENTAL, CONSEQUENTIAL, SPECIAL, OR PUNITIVE DAMAGES.

*Id*.

And the MTSA also contained the following notice requirement:

> As a condition precedent to Grower or any other person with an interest in Grower's crop asserting any claim, action, or dispute against Monsanto and/or any seller of Seed containing Monsanto's Technologies regarding performance or non-performance of Monsanto Technologies or the Seed in which it is contained, Grower must provide Monsanto a written, prompt, and timely notice (regarding performance or non-performance of the Monsanto Technologies) and to the seller of any Seed (regarding performance or non-performance of the Seed) within sufficient time to allow an in-field inspection of the crop(s) about which any controversy, claim, action, or dispute is being asserted.

*Id.*

The Illinois district court concluded that the forum selection clause in the MTSA was applicable, and transferred the case to this district court. *Bertelsen v. Monsanto Corp.*, 4:14CV00659 JAR, Doc. No. 20. Upon transfer, Monsanto moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8, and 12(b)(6) for failure to state a claim. On December 8, 2014, the court concluded that Plaintiff had failed to plead the essential elements of any cause of action against Monsanto, and granted Monsanto's motion to dismiss, but specified that the dismissal was without prejudice. *Id.*, Doc. No. 31.

On April 1, 2015, Plaintiff, this time represented by counsel, initiated the present action in Illinois state court against only Channel Bio. In Count I, Plaintiff claims that Channel Bio breached an oral contract by failing to honor Chris Bertelsen's promise, made to Plaintiff in June or July 2011, after he examined Plaintiff's crop, to pay Plaintiff for the yield loss he sustained due to the faulty seed, in exchange for Plaintiff's agreement "not to make public complaints about the Channel Bio crop in order to protect Channel Bio seed sales in the area of [Plaintiff's] farm." (Doc. No. 33 at 2.) In Count II, Plaintiff claims that Channel Bio breached an implied warranty of merchantability and/or fitness by failing to

deliver seed fit for the ordinary purpose for which the seed was used. He seeks $229,770 in damages for Count I and $310,710 in damages for Count II.

On May 6, 2015, Channel Bio removed the case to the federal district court for the Central District of Illinois, and then moved to transfer the case to this district court, based on the forum selection clause in the MTSA. On March 11, 2016, the Illinois district court granted the motion to transfer. The court concluded that the forum selection clause in the MTSA was enforceable by Channel Bio even though Channel Bio was not a signatory to the MTSA, reasoning as follows:

> [Plaintiff] argues because Channel Bio is not specifically identified as a party, it may not invoke the MTSA and its forum selection clause. This argument again takes a too narrow a view of the MTSA, which on its face anticipates a third-party seed seller may be involved in the sales transaction.
>
> \* \* \*
>
> By the Court's count, the MTSA refers to a third party seller twelve times in a variety of ways: "seed company with technology license(s) from Monsanto," "licensed company's authorized dealer," "licensed Monsanto Technology provider(s)," "dealer/retailer," "seed seller," "seller of Seed," "seed companies licensed by Monsanto or the seed company's authorized dealers or distributors," "any seller," and "seed seller."

(Doc. No. 10 at 6, 8.)

This brings us to the motion now before the Court – Channel Bio's motion to dismiss the complaint for failure to state a claim.

## ARGUMENTS OF THE PARTIES

Channel Bio asserts that Plaintiff's entire complaint is premised on non-performance of the seed, as was his pro se case described above, and is thus barred by the disclaimer of all warranties, oral or written, express or implied, in the MTSA, which governs the

relationship between Plaintiff and Channel Bio. According to Channel Bio, Plaintiff now simply "purports to convert his seed performance claim into an oral contract claim." (Doc. No. 18 at 5.) Channel Bio argues that the Illinois district court's March 11, 2016 transfer order, and this district court's December 8, 2014 order dismissing *Bertelsen v. Monsanto Corp*., 4:14CV00659 JAR, preclude Plaintiff's present action.

Plaintiff responds that Monsanto and Channel Bio are different entities and therefore any previous rulings relating to Monsanto do not apply to Channel Bio, and the MTSA (which he attaches to his response) cannot be relied upon to bar recovery here because it applies only to Monsanto, and does not govern the relationship between Channel Bio and Plaintiff. Plaintiff argues that even if the MTSA does apply to Channel Bio, Plaintiff is not asserting a claim in Count I related to the non-performance of the seed, but instead is claiming breach of an oral contract based on the Channel Bio representative's representation that Plaintiff would be compensated for his loss in exchange for not disclosing the seed performance issues. Plaintiff further argues that as this claim is not based on the MTSA, the choice of law provision therein does not apply, and Illinois law should be applied to the claim.

With respect to Count II, Plaintiff argues that the MTSA should not be considered at this time because it is outside the pleadings, and if it is considered, discovery should be permitted "to see what warranties are made in the TUG." (Doc. 23 at 9.) Plaintiff attests by affidavit that he does not possess a copy of the TUG. He also asserts that "[d]iscovery concerning the circumstances surrounding the purchase of the 2011 seed and the signing of the agreement should be available for the Court to have context of whether the limitation

language [in fine print on the back of a 2003 agreement] is conspicuous," as required by Missouri law.

In reply, Channel Bio reiterates its central argument that both of Plaintiff's present claims are based on the non-performance of the seed, and that the MTSA and the previous court orders bar such a claim. Channel Bio also argues that the TUG is not probative of any issue currently before the Court.

## **DISCUSSION**

To survive a 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complainant need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (internal citation omitted). This, however, requires more than mere "labels and conclusions," and the complaint must state a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts as true "all of the complaint's factual allegations and view[s] them in the light most favorable to the [p]laintiffs." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (citations omitted). However, the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768–69 (8th Cir. 2012).

As an initial matter, the Court rejects Plaintiff's argument that the instant motion to dismiss should be denied because the MTSA is outside the pleadings. *See, e.g., Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading. Documents necessarily embraced by the pleadings include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.") (internal citations and quotations omitted).

As a second preliminary matter, the Court does not believe that the December 8, 2014 order dismissing *Bertelsen v. Monsanto Corp.*, is dispositive of whether Plaintiff's current complaint states a claim against Channel Bio, as that decision specifically dismissed the complaint before that court without prejudice. Nor is the Illinois federal court's March 11, 2016 transfer order dispositive of the issues before this Court.

**Breach of Oral Contract**

Under both Illinois and Missouri law, the elements of a claim for breach of an oral contract are essentially the same and are as follows: (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resultant damages or injury to the plaintiff. *See Sheth v. SAB Tool Supply Co.*, 990 N.E. 2d 738, 754 (Ill. App. Ct. 2013); *White v. Pruiett*, 39 S.W.3d 857, 861–62 (Mo. Ct. App. 2001).

Channel Bio insists that Plaintiff's entire action is fundamentally one for non-performance of the seed purchased from Channel Bio. The Court does not agree.

Plaintiff's claim in Count I is not for breach of an agreement that Channel Bio's seed would perform as promised. Instead, akin to a claim for breach of a settlement agreement, Plaintiff's claim relates to a new, subsequent contract—one allegedly formed between the Channel Bio representative, who promised to pay Plaintiff for the lost value of his crops, and Plaintiff, who promised not to make public the purported failures of the seed to perform as guaranteed. The elements of a breach of oral contract have been sufficiently pleaded. Therefore, Channel Bio's motion to dismiss Count I of Plaintiff's complaint will be denied.

**Breach of Implied Warranty of Fitness**

The Court is unpersuaded by Plaintiff's argument that the disclaimer of warranties in the MTSA is not enforceable because it is inconspicuous. The provision is written in capital letters and is underlined, and the Court finds as a matter of law that it is sufficiently conspicuous. *See Flynn v. CTB, Inc*., No. 1:12CV68 SNLJ, 2015 WL 5692299, at *6 (E.D. Mo. Sept. 28, 2015) (holding that a disclaimer of implied warranties as to merchantability and fitness for particular purposes that was in all capital letters and in larger and contrasting type met the definition of conspicuous under Missouri law as it pertains to disclaimers).

More significantly, the Court concludes that the disclaimer of warranties clause in the MTSA is enforceable by Channel Bio under Missouri law, which recognizes that a third party may enforce a contract that clearly expresses an intent to confer a benefit on that party. *See Torres v. Simpatico, Inc.*, 781 F.3d 963, 971 (8th Cir. 2015) (applying Missouri law and holding that non-signatories to an arbitration agreement were intended beneficiaries and entitled to enforce its terms); *RLI Ins. Co. v. S. Union Co*., 341 S.W.3d

821, 830, 832 (Mo. Ct. App. 2011) (finding that a third party to a waiver of subrogation in a construction contract was an intended beneficiary of that contract and was entitled to enforce its terms).

When construing the parties' intent, courts "read the terms of a contract as a whole." *Id.* at 831. Moreover, "the intention of the parties is to be gleaned from the four corners of the contract, and if uncertain or ambiguous, from the circumstances surrounding its execution." *Kansas City N.O. Nelson Co. v. Mid-W. Const. Co. of Mo.*, 782 S.W.2d 672, 677 (Mo. Ct. App. 1989). Here, the Court finds that, reading the MTSA as a whole, the MTSA contemplates third party sellers of seed as covered by the disclaimer of warranties clause. As the Illinois district court noted in concluding that the forum selection clause was enforceable by Channel Bio, the MTSA throughout confers benefits on "seller[s] of seed" and "seed companies licensed by Monsanto." This Court sees no basis to conclude that the disclaimer of warranties provision only applies to Monsanto itself and not sellers of seed, such as Channel Bio.

As for Plaintiff's request that he be granted additional discovery to examine the TUG, the Court notes that Plaintiff does not allege that Channel Bio breached the express limited warranty in the MTSA, to which the TUG applies. Thus, the Court agrees with Channel Bio that the TUG is not relevant.

For these reasons, Channel Bio's motion to dismiss Count II will be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Channel Bio, LLC's motion to dismiss is **DENIED** at to Count I and **GRANTED** as to Count II.  (Doc. No. 17.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2016.